IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Brian Edward Reid, ) | |
| ) | Civil Action No. 6:11-2408-TMC |
| Plaintiff, ) | |
| ) | **ORDER** |
| vs. ) | |
| ) | |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The plaintiff, Brian Edward Reid ("Reid"), brought this action under § 205(g) of the Social Security Act, as amended ("SSA"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits under Title II of the SSA. (Dkt. No. 1.)  This matter is before the court for review of the Report and Recommendation ("Report") of the United States Magistrate Judge, made in accordance with Title 28, United States Code, Section 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), concerning the disposition of social security cases in this district. (Dkt. No. 24.)[1] The Report recommends affirming the decision of the Commissioner to deny benefits.  The court adopts the Report and affirms the Commissioner's denial of disability insurance benefits.

I.  BACKGROUND

Reid filed an application for disability insurance benefits on December 7, 2006, alleging that he became unable to work on June 4, 2004, after falling from a roof, injuring his back and aggravating a neck injury.  His application was denied initially and on reconsideration by the

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court.  *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

Social Security Administration. On September 11, 2009, Reid appeared before an Administrative Law Judge (ALJ), who found that he was not under a disability as defined in the SSA. On Reid's request, the Appeals Council reviewed the ALJ's decision and, on July 16, 2010, remanded the case back to the ALJ to consider whether Reid was under a disability within the meaning of the SSA from June 4, 2006, forward; evaluate Reid's mental impairment; consider the effect of Reid's obesity on his ability to perform work functions; consider the non-examining source opinions; and re-evaluate Reid's maximum residual functional capacity (RFC).

After a second hearing, on January 27, 2011, the ALJ, again, found that Reid was not under a disability as the SSA defines the term. The Appeals Council again granted review of the ALJ's decision, but this time approved the ALJ's finding, making it the final decision of the Commissioner.

Reid filed this action on September 8, 2011. (Dkt. No. 1.) The magistrate judge filed his Report on January 16, 2013, recommending that this court affirm the Commissioner's decision.[2] (Dkt. No. 24.) Reid filed objections to the Report on February 4, 2013. (Dkt. No. 26.)

## II. STANDARD OF REVIEW

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) of the Act provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971). Thus, in its review,

---

[2] In the Report, the magistrate judge sets forth the relevant facts and legal standards, which are incorporated herein by reference.

the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

### III. DISCUSSION

Reid objects to three main areas of the Report: (1) the magistrate's failure to address Reid's argument that the ALJ did not consider the whole record, and therefore his decision was not based on substantial evidence; (2) the magistrate's findings regarding the ALJ's combined effect analysis; and (3) the magistrate's finding that the ALJ properly performed his residual functional capacity (RFC) analysis.

#### a. Substantial Evidence

Reid maintains his argument that the ALJ failed to evaluate the whole record and objects to the magistrate's finding to the contrary. (Dkt. No. 26, pp. 1-2.) Specifically, Reid asserts that the magistrate's finding (1) ignores Reid's contention that the ALJ disregarded some of his exhibits, (2) ignores the ALJ's failure to comply with the Appeals Council's order on remand, and (3) fails to square the ALJ's duty to explain the weight given to probative exhibits with the reviewing court's duty to scrutinize the whole record.

An ALJ "is not required to provide a written evaluation of every piece of evidence, but need only 'minimally articulate' his reasoning so as to 'make a bridge' between the evidence and his conclusions." *Jackson v. Astrue*, C.A. No. 8:08-2855-JFA-BHH, 2010 WL 500449, at *10 (D.S.C. Feb. 5, 2010) (quoting *Fischer v. Barnhart*, 129 Fed. Appx. 297, 303 (7th Cir. 2005)). Thus, his failure to address specific evidence does not indicate that he did not consider it in making his evaluation. *See Craig v. Apfel*, 212 F.3d 433, 436 (8th Cir. 2000). The party challenging the ALJ's decision bears the burden of showing that any error was harmful. *See Garner v. Astrue*, 436 Fed. Appx. 224, 226 n.* (4th Cir. 2011) (citing *Shinseki v. Sanders*, 556 U.S. 396 (2009)).

Reid's objections mainly revolve around exhibits regarding his first two years of treatment, specifically, June 2004 to May 2006.[3] Reid contends that the ALJ did not consider these exhibits in making his findings and objects to the magistrate's "finding of fact that 'the evidence in question . . . also shows that [Reid] obtained significant relief from his lower back and leg pain with injections and subsequent to his back surgery, his thoracic pain totally resolved.'" (Dkt. No. 26, p. 20 (quoting Dkt. No. 24, p. 18.))

The court agrees that the ALJ's report does not specifically mention or cite to the exhibits containing medical records from June 2004 to May 2006.[4] However, the ALJ does not have to cite to every piece of evidence he relies on and, in this case, Reid bears the burden of showing that, if the ALJ did disregard these exhibits, he committed error by doing so and that error harmed Reid. Reid has failed to meet that burden.[5]

---

[3] These exhibits appear at docket entry 15-7, exhibits 2F and 4F.

[4] The court notes, however, that the Appeals Council does cite to exhibit 4F in its decision. (Dkt. No. 15-2, pp. 5-6.)

[5] Significantly, the record indicates that the portion of the claim covering June 2004 to May 2006 may be subject to a res judicata issue due to a prior denied claim for that period. (Dkt. No. 15-2, p. 38.) That could certainly explain the ALJ's reluctance to rely on evidence from that time period, especially if it was also submitted with the prior claim.

A review of the relevant exhibits reveals the story of a man in the beginning stages of recovery. During this time, it appears that Reid and his doctors were working together to find the right combination and dosage of medications, physical therapy, and other pain management strategies for Reid's condition. At one point, Reid self-reported to his pain management doctor that his back surgery "was very successful and ha[d] nearly resolved his thoracic pain." (Dkt. No. 15-7, p. 34.)  After his surgery, Reid continued to receive injections for his back and leg pain. Throughout 2005 and into early 2006, Reid reported to his doctors that the injections, combinations of medications, and physical therapy helped tremendously. (Dkt. No. 15-7, exs. 2F, 4F.)  In turn, his doctors reported normal test results and steady improvement. (*Id.*)  Reid has failed to show, and the court cannot conceive how the ALJ's failure to specifically cite to these exhibits has harmed him.[6]  Accordingly, the court finds this objection lacks merit.

### b. Combination of Impairments

Next, Reid objects to the magistrate's findings regarding the ALJ's combined effect analysis.  Specifically, Reid asserts that the ALJ failed to adequately explain his combined effect analysis and failed to consider Reid's combined impairments at later steps of the analysis. (Dkt. No. 26, pp. 2-3.)

When, as here, a claimant has more than one impairment, the statutory and regulatory scheme for making disability determinations, as interpreted by the Fourth Circuit, requires that the ALJ consider the combined effect of these impairments in determining the claimant's disability status.  *Walker v. Bowen*, 889 F.2d 47, 50 (4th Cir. 1989); *Aurand v. Astrue*, 6:07–3968–HMH, 2009 WL 364389 (D.S.C. Feb.12, 2009) (remanding with instruction that ALJ consider severe and medically-determinable nonsevere impairments in combination).  Whether

---

[6] Like the magistrate judge, this court is not making independent findings of fact from the record.  Rather, the court includes these statements regarding the exhibits as part of its statutorily mandated inquiry into whether the ALJ's decision is supported by substantial evidence.

or not the impairments are found to be severe, the ALJ must consider the severe and nonsevere complaints and impairments in combination in determining the Plaintiff's disability. Furthermore, "[a]s a corollary, the ALJ must adequately explain his or her evaluation of the combined effects of the impairments." *Walker*, 889 F.2d at 50.

It "is axiomatic that disability may result from a number of impairments which, taken separately, might not be disabling, but whose total effect, taken together, is to render claimant unable to engage in substantial gainful activity. . . . [T]he [Commissioner] must consider the combined effect of a claimant's impairments and not fragmentize them." *Walker*, 889 F.2d at 50 (citing *Reichenbach v. Heckler*, 808 F.2d 309 (4th Cir. 1985)). The ALJ's duty to consider the combined effect of Plaintiff's multiple impairments is not limited to one particular aspect of its review, but is to continue "throughout the disability process." 20 C.F.R. § 404.1523.

Applying this standard, this court has rejected arguments that "an ALJ's separate discussion of a claimant's impairments and the other evidence of record," recitation that he must consider all of the claimant's impairments in combination, statement that he considered all of the evidence, or bare conclusion that the claimant did not have an impairment or combination of impairments that meet the listing requirement is sufficient to show that he adequately considered the claimant's impairments in combination. *Mazyck v. Astrue*, C/A No. 8:10-2780-TMC, 2012 WL 315648, at *2-3 (D.S.C. Feb. 1, 2012). However, in *Mazyck*, the ALJ provided absolutely no discussion of the claimant's non-severe impairments, whether they impacted his RFC, or whether the ALJ considered them in combination with his severe impairment. *Mazyck v. Astrue*, C/A No. 8:10-2780-TMC, 2012 WL 315686, at *8-9 (D.S.C. Jan. 13, 2012). There, the ALJ offered only a single conclusory statement that the claimant did not have an impairment or combination of impairments that met a listed impairment. *Id.* at *9, n.7.

In this case, the ALJ found that Reid's degenerative disc disease, adjustment disorder, and history of obesity were severe impairments and that his previous coronary issues were non-severe. In finding that Reid does not meet one of the listed impairments, the ALJ does discuss each severe impairment separately, but follows that discussion with an analysis of the combined effects of the severe and non-severe impairments.[7] (Dkt. No. 15-2, pp. 21-22.) In addition, the ALJ's RFC analysis references Reid's non-severe peripheral vascular disease, including its relationship with his history of obesity, thus showing that the ALJ continued to consider Reid's non-severe impairments and the broader combined effect on his total disability in the later steps of his analysis. (*Id.* p. 24, 26.) In sum, the ALJ in this case offered significantly more than the cursory conclusion rejected by this court in *Mazyck*. Accordingly, the court rejects Reid's combination of impairments objection.

### c.  Residual Functional Capacity Analysis

Reid also objects to the magistrate's finding that the ALJ's RFC finding was supported by substantial evidence. Specifically, Reid asserts that the ALJ failed to explain why his non-exertional impairments, namely his mental limitations and pain, did or did not affect his RFC. In addition, Reid objects to the magistrate's finding that the Appeals Council relied on evidence that his conditions improved with treatment, arguing that the Appeals Council did not base its findings on the whole record. The court finds this second objection moot in light of its determination that the ALJ and Appeals Council did consider the entire record in making their decisions.

---

[7] Specifically, the ALJ notes that "the claimant's heart condition was asymptomatic despite his history of obesity. Even with consideration of the combined effects of the claimant's obesity, treatment records fail to indicate that the claimant's degenerative disc disease status post fusion resulted in an inability to ambulate or perform fine or gross motor movements effectively. The claimant's physical impairments obviously affected his mental health condition. Nevertheless, when considered in conjunction, no further limitation in the claimant's mental health condition, other than those discussed above, are warranted." (Dkt. No. 15-2, p. 22.)

As to Reid's first objection, the court finds it without merit. The ALJ clearly explains that he has taken into account Reid's testimony about his pain, despite his view that the testimony is not consistent with the record, in limiting the amount Reid can sit, stand, walk, lift, carry, and reach overhead. (Dkt. No. 15-2, p. 25.) In addition, the ALJ links Reid's adjustment disorder and mental health history to his decision to limit him to unskilled labor. (*Id.* p. 26.) While Reid may object to the ALJ's rejection of his contention that he is incapable of performing all work activity, the ALJ carefully considered all exertional and non-exertional impairments in crafting his RFC finding. Therefore, Reid's RFC objection is without merit.

### IV. CONCLUSION

After carefully reviewing the record, the court finds the magistrate judge's Report provides an accurate summary of the facts and law in this case. The court adopts the Report and incorporates it herein by reference. Reid's objections are overruled. For the reasons set out above and in the Report, the Commissioner's final decision is **AFFIRMED**.

**IT IS SO ORDERED.**

s/ Timothy M. Cain
Timothy M. Cain
United States District Judge

Anderson, South Carolina
February 11, 2013